**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 12-4287**

─────────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

SERGIO MARTHA-MARQUEZ,

             Defendant - Appellant.

─────────────

**No. 12-4288**

─────────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

MARCELINO ALDAY-LOPEZ,

             Defendant - Appellant.

─────────────

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:11-cr-00105-FL-2; 5:11-cr-00105-FL-4)

─────────────

Submitted:  January 29, 2013      Decided:  February 14, 2013

─────────────

Before DUNCAN, DAVIS, and THACKER, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

---

Steven Ennis Hight, Raleigh, North Carolina; Wayne Buchanan Eads, Raleigh, North Carolina, for Appellants. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Sergio Martha-Marquez and Marcelino Alday-Lopez (collectively "appellants"), appeal their convictions and respective seventy-eight and seventy-two month sentences of imprisonment based on their guilty pleas to assault causing serious bodily injury, in violation of 18 U.S.C. § 113(a)(6) (2006). In accordance with Anders v. California, 386 U.S. 738 (1967), the appellants' counsel have filed a brief certifying that there are no meritorious issues for appeal but questioning whether the appellants' sentences are greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a) (2006). Although notified of their right to do so, neither appellant has filed a supplemental brief. We affirm.

We review sentences for reasonableness, using an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We must first review for significant procedural errors, including improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, sentencing under clearly erroneous facts, or failing to adequately explain the sentence. Id. at 51; United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Only if we find a sentence procedurally reasonable may we consider its substantive reasonableness. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

Here, our review of the record indicates no procedural error in the imposition of the appellants' sentences. Further, the district court adequately explained the basis for the appellants' within-Guidelines range sentences based on the goals of 18 U.S.C. § 3553(a), and we find nothing to rebut the presumption of reasonableness. United States v. Powell, 650 F.3d 388, 395 (4th Cir.), cert. denied, 132 S. Ct. 350 (2011).

In accordance with Anders, we have reviewed the entire record and find no other meritorious issues for appeal. We therefore affirm Alday-Lopez's and Martha-Marquez's convictions and sentences. This court requires that each counsel inform his client, in writing, of his individual right to petition the Supreme Court of the United States for further review. If Alday-Lopez or Martha-Marquez requests that a petition be filed, but his counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on his client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED